This is an appeal by Mary Katherine Walden from a summary judgment granted in favor of Mineral Equipment Company, John L Jordan, and Argo and Company in a wrongful death action
On April 8, 1974, Harold William Walden was killed by a falling container of coal weighing several tons as he was working at the bottom of a mine elevator shaft under construction
On February 28, 1975, the widow, Mary Katherine Walden, filed her summons and complaint, as administratrix, against United States Steel Corporation, United States Fidelity and Guaranty Company, John J. Cowin, R.A. Gallentine, Edward Stamper, James Thrasher, William Lovejoy, and a number of fictitious parties defendant. Those fictitious parties defendant, insofar as material to this appeal, were "E" the person and "G" the corporation "responsible for the operation, inspection or maintenance of the hoist which injured the plaintiff's intestate at the time and place referred to in plaintiff's complaint," and "J" the "corporation responsible for the wrongful or negligent conduct or the injuries to the plaintiff's intestate at the time and place referred to in plaintiff's complaint; whose true and correct names and legal descriptions are otherwise unknown to the plaintiff, but will be substituted by amendment by the plaintiff when ascertained by the plaintiff."
The complaint as originally filed contained the following:
COUNT ONE
 1. Plaintiff avers that on or about to wit, April 8, 1974, the Plaintiff's intestate, *Page 387 
Harold William Walden, was working at the bottom of the Oak Grove Mine elevator shaft at Oak Grove, Jefferson County, Alabama while employed by Cowin and Company, Incorporated, when he was crushed and killed by a falling bucket of coal while in the performance of said duties
 2. Said Oak Grove Mine was owned by the Defendant United States Steel Corporation, or Defendants "A" or "D", and the work at said mine was being performed by, at the direction of, or for the benefit of said Defendant
 3. The Defendant United States Fidelity Guaranty Company, or Defendant "B", provided the Workmen's Compensation Insurance for the benefit of Plaintiff's intestate, Harold William Walden, and in connection therewith performed, or should have performed, safety inspections of the equipment or apparatus being used in the performance of the work at said Oak Grove Mine when the Plaintiff's said intestate was crushed and killed
 4. The Defendants John J. Cowin, R.A. Gallentine, Edward Stamper, James Thrasher, William Lovejoy, or Defendants "C", "E", "F", "G", "H", "I", and "J" were employed or were performing work in said Oak Grove Mine at the time the Plaintiff's said intestate was injured, as aforesaid, and their duties in connection therewith included the operation, inspection or maintenance of the equipment or apparatus being used in the performance of the work at said mine when the Plaintiff's said intestate was crushed and killed
 5. The Plaintiff further avers that the Defendants negligently or wantonly supervised or directed the work being performed at said mine; or negligently or wantonly failed to provide adequate or proper equipment or safety apparatus for the performance of the work in said mine; or negligently or wantonly failed to adequately and properly inspect the equipment or mechanical apparatus being used in the performance of the work at said mine; or negligently or wantonly operated the equipment or apparatus used in the performance of the work at said mine; or negligently or wantonly failed to adequately and properly maintain the equipment or mechanical apparatus being used in the performance of the work at said mine; and as a proximate consequence of said negligence or wantonness the Plaintiff's intestate received serious and permanent injuries from which he died on to wit, April 8, 1974
The initial complaint also contained a count two alleging the combined and concurrent negligence of the defendants. The complaint was amended on January 24, 1977, to add count three, which also alleged negligent or wanton conduct of the defendants and was again amended on July 29, 1977, by adding the following:
AMENDMENT TO COMPLAINT
 Comes the Plaintiff in the above styled cause and amends her Complaint as heretofore filed by substituting for Defendant "J", Minerals Equipment Company,* a corporation, and by adding Count Four as follows:
COUNT FOUR
ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
 1. Plaintiff adopts the averments of Paragraphs One (1) and Two (2), of Count One and re-avers and realleges them the same as if fully set forth herein
 2. Plaintiff avers that the Defendant Minerals Equipment Company, prior to April 8, 1974 and at all times material to this Complaint, was in the business of designing, manufacturing, assembling, distributing or selling mining machinery throughout the United States, including the State of Alabama; and that said Defendant, during said time and on or about *Page 388 
to-wit: October 31, 1972, for a valuable consideration, designed, manufactured, assembled, distributed or sold the Nordberg Mine Hoist, serial number 29673, that was in use performing the work described in Paragraph One (1) above in lifting the bucket of coal which fell and killed the Plaintiff's husband, Harold William Walden, at said time and place. Said Nordberg Mine Hoist was sold by said Defendant to Cowin Company in Birmingham, Alabama, the employer of Plaintiff's said husband, and was being used for its intended purpose when said injury and death occurred
 3. Plaintiff avers that the said Defendant, Minerals Equipment Company, expected said hoist to reach the user or consumer without substantial change in the condition in which it was sold and said hoist did reach the user or consumer without substantial change in said condition
 4. Plaintiff further avers that said hoist, when put to its intended use, was not reasonably safe and was in fact unreasonably dangerous to the Plaintiff's said husband, who was killed at said time and place as a proximate consequence of the defective or unreasonably dangerous condition of said hoist
On May 17, 1979, the complaint was further amended to add:
AMENDMENT TO COMPLAINT
 Comes the Plaintiff in the above styled cause and amends her Complaint by substituting J.L. Jordan for fictitious party "E", and Argo and Company, Inc., for fictitious party "G", Plaintiff further amends her Complaint by adding Count Six as follows:
COUNT SIX
 Plaintiff adopts the first three (3) paragraphs of Count One and realleges and re-avers them the same as if fully set forth herein
 4. The Defendant, J.L. Jordan, was employed by the Defendant, United States Fidelity and Guaranty Company as a safety representative and performed safety inspections on the equipment or apparatus being used in the performance of the work at said Oak Grove Mine when the Plaintiff's said husband was crushed and killed, including the defective and inherently dangerous hoist which allowed, permitted, or caused the death of Plaintiff's husband
 5. The Defendant, Argo and Company, Inc., for a valuable consideration performed maintenance and repairs on the said defective hoist at the said Oak Grove Mine, prior to the said fatal injury to Plaintiff's husband
 6. The Defendants J.L. Jordan and Argo and Company, Inc., knew or should have known of the defective or inherently dangerous condition of the said hoist and said Defendants negligently or wantonly failed to adequately and properly inspect the equipment or mechanical apparatus being used in the performance of the work at said mine including the said defective or inherently dangerous hoist; or negligently or wantonly failed to adequately and properly perform maintenance on said defective or inherently dangerous hoist; or negligently or wantonly failed to warn of the defective or inherently dangerous condition of said hoist and as a proximate consequence of said negligence or wantonness the Plaintiff's husband received serious and permanent injuries from which he died on to-wit, April 8, 1974
The defendants, J.L. Jordan and Mineral Equipment Company, filed motions to dismiss, raising the statute of limitations as a bar, which were treated as motions for summary judgment by the trial court. The defendant, Argo and Company, filed a motion for summary judgment, which also raised the statute of limitations as a bar. All three motions were granted on September 24, 1980 Plaintiff Walden appeals, following the overruling of her motion to vacate judgment. Three recent cases compel affirmance: Mintonv. Whisenant, 402 So.2d 971 (Ala. 1981); Fowlkes v. LibertyMutual Ins. Co., 392 So.2d 803 (Ala. 1980), *Page 389 
and Shirley v. Getty Oil Company, 367 So.2d 1388 (Ala. 1979)
More than thirty-nine months after the death of Harold Walden, the complaint was amended to substitute Mineral Equipment Company for fictitious party "J" and allege liability because it "designed, manufactured, assembled, distributed, or sold the Nordberg mine hoist . . . that was in use in performing the work."
"J" was described in the caption of the complaints as "the corporation responsible for the wrongful or negligent conduct or the injuries to the Plaintiff's intestate at the time and place referred to in Plaintiff's Complaint. . . ." Neither this nor any other allegation referred to the "designer, manufacturer, assembler, distributor, or seller" of the hoist There were no allegations in the body of the complaint charging that the "designer, manufacturer, assembler, distributor, or seller" of the hoist was negligent. Fowlkes v. Liberty MutualIns. Co., supra. Minton v. Whisenant, supra, is controlling on this point. The trial court was therefore, correct in dismissing the complaint against Mineral Equipment Company. The amendment adding it as a party does not relate back to the original complaint and, therefore, the statute of limitations is a bar to this claim
Although Walden did not substitute Jordan and Argo and Company for fictitious parties "E" and "G" as those "responsible for the operation, inspection and maintenance of the hoist" until May 17, 1979, the record shows, via the depositions of James Copeland, J.D. Allen, and James J Rodriquez, that Walden was aware of the true name and identities of these two defendants as early as July and August, 1976
In Shirley v. Getty Oil Co., supra, this Court was faced with a situation where the plaintiffs, several months after filing a wrongful death action naming fictitious parties, took the deposition of an individual which revealed facts from which the plaintiffs might have decided to bring an action against him However, the plaintiffs did not attempt to substitute the individual for one of the fictitious parties until more than seventeen months after the taking of his deposition. In that case, the Court said:
 Because Shirley knew Mr. Smith's identity and had sufficient factual basis to give rise to the action against him, she may not now claim to have been "ignorant of the name of [the] opposing party" within the meaning of Rule 9 (h). Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978); Hinton v. Hobbs, 349 So.2d 28 (Ala. 1977)
367 So.2d at 1390-1391
The depositions taken in July and August of 1976 show that the plaintiff cannot claim that she was ignorant of the names and identities of Jordan and Argo and Company, within the meaning of Rule 9 (h), until May of 1979, the time of the filing of the amendment. These claims, too, are time barred
The judgment appealed from is affirmed
AFFIRMED
TORBERT, C.J., and MADDOX, JONES, SHORES, and BEATTY, JJ., concur
* Throughout the complaint, the defendant is referred to as Minerals Equipment Company. However, the case was brought to this Court under the name Mineral Equipment Company.