This is an appeal by Wallace and Catherine Phelps from a summary judgment granted in favor of South Alabama Electric Co-op in a personal injury action.
On November 6, 1981, appellants filed suit in Jefferson County, claiming damages for injuries sustained by Wallace Phelps as the result of a collision on November 6, 1980, between a truck driven by Phelps and a train owned and operated by defendant Seaboard Coast Line Railroad, Inc. The caption of the complaint listed seventeen fictitious parties. This list of fictitious parties was also separately contained in the caption to the summons and in the body of the summons.
Included in this list of fictitious parties was party number thirteen, which was designated as follows: "No. 13, whether singular or plural, that entity or those entities, who or which had the responsibility for maintaining the track or road right-of-way in the area where the plaintiff was injured." The listing of the fictitious parties concluded with the statement:
 "Plaintiff avers that the identity of the fictitious party defendants are otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identity as proper party defendants is not known to plaintiff at this time but their true names will be substituted by amendment when aforesaid lacking knowledge is ascertained."
Paragraph one of the complaint alleged (1) that Seaboard Coast Line Railroad, Inc., negligently and/or wantonly operated its train so as to cause the collision, and (2) that C.J. Goodson, the operator of the train, performed his duties in a negligent and/or wanton manner. Plaintiffs also alleged in Paragraph one that the crossing was extra hazardous.
Paragraph two alleged that the negligent, wanton, and/or wrongful conduct of the defendants combined and concurred to cause plaintiff Catherine M. Phelps to lose the society, companionship, services, and consortium of her husband, Wallace Phelps.
Paragraph three of the complaint made the following allegations:
 "At said time and place or for sometime prior thereto the above described fictitious party defendants whose identity at this time is unknown, proximately caused or contributed to cause plaintiff's injuries and damages as herein described either through negligence and/or wanton conduct, breach of contract, violation of the Alabama Extended Manufacturers and/or Strict Liability doctrines, or any other conduct for which remedy lies."
On January 27, 1982, the plaintiffs filed an amended summons and amended complaint, pursuant to Rule 9 (h), A.R.Civ.P., substituting South Alabama Electric Co-op as a party defendant for fictitious party defendant No. 13 mentioned in the caption to the summons, the body of the summons, the caption to the complaint, and described in paragraph three of the complaint as "the above described fictitious party defendants."
Plaintiffs' amended complaint set forth the following allegations:
 "Come now the plaintiffs in the above-styled cause and amend their complaint as previously filed, as follows:
 "1. By substituting for fictitious party number 13 the following:
"South Alabama Electric Co-op
"2. By adding thereto Count X, reading as follows:
"COUNT X
 "1. The defendant, South Alabama Electric Co-op, had the right and/or responsibility *Page 236 
for maintaining and clearing the right-of-way in the area where plaintiff was injured. Said defendant negligently or wantonly maintained or failed to maintain said area and such negligent or wanton conduct was a proximate cause of plaintiffs' injuries and damages.
 "2. The negligent or wanton conduct of the defendant, South Alabama Co-op, combined and concurred with the negligent and/or wanton conduct of the previously named defendants and as a proximate result of same, plaintiffs were injured and damaged as previously described.
 "WHEREFORE, the plaintiff, Wallace Phelps, demands judgment against the defendants in the sum of THREE MILLION DOLLARS ($3,000,000.00) as damages and costs. Wherefore, the plaintiff, Catherine M. Phelps, demands judgment against the defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) as damages and costs of this proceeding."
On notice of the suit, an answer was filed by South Alabama Electric Co-op raising the statute of limitations as a specific defense. That defendant further raised that issue in its motion for summary judgment filed on February 18, 1982. The argument contained in that motion was based upon the contention that no cause of action was stated against that defendant in the body of the complaint, and the amendment did not relate back so as to allow the substitution. Based on that argument, on March 4, 1982, the trial court granted South Alabama Electric Co-op's motion for summary judgment. On May 26, 1982, that judgment was made final pursuant to Rule 54 (b), A.R.Civ.P.
Wallace and Catherine Phelps appeal to this Court, claiming that South Alabama Electric Co-op was properly substituted for fictitious party No. 13 in the original complaint, under Rule 9 (h), A.R.Civ.P., so that the substitution related back, by operation of Rule 15 (c), A.R.Civ.P., to the original filing of plaintiffs' action. The amendment would thereby come within the one-year statute of limitations provided by Code 1975, §6-2-39.
The issue presented in this appeal involves the interpretation of Rule 9 (h), A.R.Civ.P., pertaining to fictitious parties, and Rule 15 (c), A.R.Civ.P., pertaining to amended pleadings. Rule 9 (h) states:
 "When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
Rule 15 (c) provides, in part, that:
 "An amendment pursuant to Rule 9 (h), Fictitious Parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading. . . ."
The resolution of this case rests on the pleadings in this case and the decisions of this Court in Columbia EngineeringInternational, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983); Mintonv. Whisenant, 402 So.2d 971 (Ala. 1981); Walden v. MineralEquipment Company, 406 So.2d 385 (Ala. 1981); and Fowlkes v.Liberty Mutual Insurance Company, 392 So.2d 803 (Ala. 1980).
In Columbia Engineering, supra, this Court stated:
 "[A] plaintiff, in order to invoke the relation back principles of Rules 9 (h) and 15 (c), must meet the following criteria: 1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued."
429 So.2d at 958.
There is no dispute in this case concerning the plaintiffs' knowledge of the identity of the fictitious party. Rather, the primary issue is whether the complaint states a cause of action against South. Alabama *Page 237 
Electric Co-op. This Court has held that "[i]t is not unreasonable to require the statement of a claim to be contained in the complaint itself." Minton, supra at 973.
We are of the opinion that the allegations of paragraph three are sufficient to state a cause of action against defendant South Alabama Electric Co-op, and therefore this defendant's motion for summary judgment should have been denied.
The Alabama Rules of Civil Procedure provide that a pleading shall include "a short and plain statement of the claim." A.R.Civ.P. 8 (a). In line with the spirit of that rule, this Court has stated:
 "Any count in a complaint which would state a cause of action under our liberal notice pleading rules would also state a cause of action against a fictitious party. One need not state with more particularity a cause of action against an unknown party as compared to a named party — the test is the same."
Columbia Engineering, supra, at 960.
Reviewing the statement of plaintiffs' complaint in relation to the suggested form for this kind of cause of action contained in Form 16, Appendix I, A.R.Civ.P., we are of the opinion that plaintiffs' complaint was sufficient. The use of the general description "the above described fictitious party defendants" in paragraph three was sufficient to incorporate by reference the extended list of defendants and the description of their various functions into the body of the complaint. Thus, the claim against fictitious party No. 13 was for negligent or wanton conduct in the maintenance of the track or right-of-way which was alleged to be the proximate cause of plaintiffs' injury or damages.
We find that the cases cited by appellee are distinguishable from the case before us. In Columbia Engineering, supra, the opposite result was reached because there was no allegation of what the engineering company did, but only that the "wrongful conduct" of the defendant resulted in injury to the plaintiff. There were no specific allegations of negligence, breach of contract, strict liability, etc. As stated therein, "[N]owhere in the complaint is there a description of any wrongdoing" by the fictitious party. 429 So.2d at 959. In the case sub judice, the complaint more clearly refers to the defendant's negligence or wantonness in the maintenance of the right-of-way.
In Walden, supra, there were general allegations of negligence by a corporate fictitious party in the caption of the complaint. That caption referred to the "corporation responsible for the wrongful or negligent conduct or the injuries to the Plaintiff's intestate at the time and place referred to in Plaintiff's Complaint." 406 So.2d at 389. The amended complaint identified a corporation which the plaintiffs alleged was negligent in the design, manufacture, assembly, distribution, or sale of the product. This Court stated:
 "There were no allegations in the body of the complaint charging that the `designer, manufacturer, assembler, distributor, or seller' of the hoist was negligent."
Walden, 406 So.2d at 389. Thus, there was virtually no way for the defendant to be put on notice by the original complaint that it might be a party to that suit. In the case before us, however, it is clear that defendant South Alabama Electric Co-op was put on notice at the outset that it might be liable for negligence in the maintenance of the right-of-way.
Both Minton, supra, and Fowlkes, supra, are situations in which the plaintiff did not know a particular cause of action existed, and therefore failed to state a claim in the original complaint. In the case before us, the plaintiffs knew of the existence of a cause of action against a fictitious party for negligence in maintaining the right-of-way, and adequately stated that claim in their original complaint.
Finally, the appellee maintains that under Rule 56, A.R.Civ.P., when it made a motion for summary judgment raising the statute of limitations as a defense, the plaintiffs were required to oppose that motion by affidavits raising Rule 9 (h) and the *Page 238 
relation back doctrine of Rule 15 (c). We cannot agree.
Defendant's motion for summary judgment was unsupported by any affidavits and therefore the principle of Rule 56 (e), A.R.Civ.P., that a party "may not rest upon the mere allegations or denials of his pleading" is not operative. In effect, defendant's motion was either an A.R.Civ.P. 12 (b)(6) motion to dismiss for failure to state a claim or a 12 (c) motion for judgment on the pleadings. Therefore, the trial court had before it the pleadings of the plaintiffs, which invoked the operation of Rules 9 (h) and 15 (c), and the defendant's pleadings and motion raising the defense of the statute of limitations. Neither party was required to take any further action in order to secure a ruling on this issue by the court.
Because we are of the opinion that the plaintiffs' claim states a cause of action against the defendant, and that the plaintiffs were not required to meet the defendant's motion for "summary judgment" under these circumstances, we find that this judgment is due to be, and it is hereby, reversed, and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.