On October 13, 1988, while operating a table saw during his employment with Robinson Foundry in Alexander City, Alabama, James Hutchins suffered an injury, an amputation of his left thumb. On December 19, 1989, he sued JET Equipment Tools, Inc., the supplier of the table saw, and also 27 fictitiously named parties. After the statutory period of limitations had expired, Hutchins amended his complaint, substituting co-employee defendants Billy Watson, Sam Huntley, and Robert Green for the fictitiously named defendant previously designated as "No. 2" in the caption of the complaint: "No. 2, whether singular or plural, that person or those persons who were employees or executive officers of [Hutchins's] employer who were negligent on or before the occasion made the basis of this suit and whose negligence was a proximate cause of [Hutchins's] injuries." Hutchins also added a count expanding and specifying the wrongful conduct he was alleging on the part of Watson, Huntley, and Green. Watson, Huntley and Green filed a joint motion for summary judgment, contending the following:
 "1) The Amended Complaint adding [Watson, Huntley, and Green] does not relate back to the original, timely filed Complaint. The statute of limitations, thus, had expired when [Watson, Huntley, and Green] were added.
 "2) [Neither Watson, Huntley, nor Green] removed the saw guard, caused the removal or permitted the removal and cannot, therefore, be held liable based upon undisputed facts."
(Emphasis original.) The trial court entered a summary judgment for Watson, Huntley, and Green. Hutchins did not oppose the summary judgment motion as to Watson, conceding that Watson was entitled to a judgment based on the defendants' second contention. The court based its summary judgment for Huntley and Green on a conclusion that the amendment by which Hutchins substituted Huntley and Green for fictitiously named defendant No. 2 did not relate back to the filing of the lawsuit and, therefore, that the statute of limitations barred Hutchins's action against them:
 "Huntley and Green say that the two-year Statute of Limitations bars the action against them. The question is whether or not the designation of fictitious defendants saves [Hutchins] as against this plea. The Court concludes that it does not. Co-employee lawsuits [Ala. Code 1975, § 25-5-11], apparently looked upon with disfavor, require allegations of willful conduct. In order to relate back, a plaintiff must state a cause of action against the fictitious party in the body of the complaint and must have no knowledge of the identity of the fictitious party when filing the complaint. The real party must come within the description of the fictitious party. In this case, [the real defendants do] not."
The trial court entered a Rule 54(b), A.R.Civ.P., order making the summary *Page 888 
judgments final as to the three individuals. JET Equipment 
Tools, Inc., who supplied the saw to Robinson Foundry, remains a defendant in the case below. Hutchins appealed as to Huntley and Green. We affirm.
The fictitiously named party for whom Huntley and Green were substituted was described as follows: "No. 2, whether singular or plural, that person or those persons who wereemployees or executive officers of [Hutchins's] employer whowere negligent on or before the occasion made the basis of this suit and whose negligence was a proximate cause of [Hutchins's]injuries." (Emphasis added.)
In the body of the complaint, Hutchins alleged the following:
 "1. On or about October 13, 1988, . . . Hutchins was employed as a crane operator by Robinson Foundry located in Alexander City, Alabama. . . . [W]hile [Hutchins] was working in the line and scope of his said employment, he was caused to be injured when his left thumb was caused to be amputated while he was operating a JET JTS-10 table saw.
 "2. From a procedural aspect, this suit is brought pursuant to Section 25-5-11 of the Code of Alabama.
". . . .
 "7. [Hutchins] alleges that his injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, violation of the Alabama Extended Manufacturer's and/or Strict Liability Doctrines, and other wrongful conduct of the defendant, JET Equipment Tools, Inc., and defendant Nos. 1, 2 ['whether singular or plural, that person or those persons who were employees or executive officers of [Hutchins's] employer who were negligent on or before the occasion made the basis of this suit and whose negligence was a proximate cause of [Hutchins's] injuries'], . . . 10 ['whether singular or plural, that entity or those entities who or which designed the table saw involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith'], 11 ['whether singular or plural, that entity or those entities who or which manufactured
or assembled the table saw involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith'], 12 ['whether singular or plural, that entity or those entities who or which had any role in the distributive chain
regarding the table saw involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition by [Hutchins's] employer' . . .], . . . 24 ['whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit'], 25 ['whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, or other wrongful conduct
contributed to cause the occurrence made the basis of this lawsuit'], . . . as hereinabove described.
 "8. The aforesaid wrongful, negligent and/or wanton conduct of each of the above-described defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, [Hutchins] was injured and damaged. . . ."
(Emphasis added.)
Alabama Code 1975, § 25-5-11, prohibits co-employee suits based upon negligence or wantonness and permits only suits founded upon "willful" conduct (as that conduct is defined in §25-5-11). Therefore, the only action permitted against Huntley and Green would have been one alleging "willful" conduct. Reedv. Brunson, 527 So.2d 102 (Ala. 1988).
Huntley and Green argue that the description of fictitiously named defendant No. 2 contained an allegation of negligent conduct only. Therefore, they contend that *Page 889 
the amendment cannot relate back to the original complaint to avoid the bar of the statute of limitations and that the trial court properly entered a judgment in their favor.
Hutchins contends that he properly alleged a cause of action against Huntley and Green in the original complaint, and, therefore, that pursuant to Rule 9(h) and Rule 15(c) the amendment substituting Huntley and Green as real parties did relate back. He argues that he "painted the 'broad stroke' outlines of a cause of action against a co-employee," which, he says, under notice pleading was all that was required — that is, he says, § 25-5-11 is clear as to the form of misconduct that may be asserted against a co-employee and therefore the contents of the original complaint, particularly the description of the workplace accident and the reference to §25-5-11, put any co-employee on notice that he alleged and intended to prove that that co-employee acted willfully in some manner. He further contends that his failure to use the word "willful" or "willfulness" in describing the wrongful conduct of Huntley and Green does not mean that he failed to state a cause of action against them, because, he says, he made a sufficient allegation of their wrongful conduct (which included an allegation of willful conduct of both Huntley and Green) in the original complaint. Therefore, he says, the missing word "willful" or "willfulness" could be added and was added by later amendment.
As this Court stated in Fowlkes v. Liberty Mutual Ins. Co.,392 So.2d 803, 806 (Ala. 1980):
 "It is clear . . . that Rule 9(h) is not intended to operate when the cause of action is unknown, but operates only when the identity of the adverse party is unknown. Thus, in order for a plaintiff to invoke Rule 9(h) and [Rule] 15(c), the plaintiff must at the very least state a cause of action in his complaint against the fictitious party."
(Emphasis added.) See, also Moorer v. Doster Construction Co.,442 So.2d 97, 9899 (Ala. 1983), in which the Court clarified the rule of "relation back":
 "Not knowing [who was responsible for the maintenance of the street at the time her complaint was filed], [the plaintiff] properly included them by naming them fictitiously and describing them by the function they performed. In addition, and as required by [cases in which this Court has addressed the question concerning relation back: Phelps v. South Alabama Electric Co-op., 434 So.2d 234 (Ala. 1983); Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983); Threadgill v. Birmingham Board of Education, 407 So.2d 129 (Ala. 1981); Walden v. Mineral Equip. Co., 406 So.2d 385 (Ala. 1981); Minton v. Whisenant, 402 So.2d 971 (Ala. 1981); Fowlkes v. Liberty National Ins. Co., 392 So.2d 803
(Ala. 1980); Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala. 1979)], she stated a cause of action against all defendants in the body of her complaint. No more is required.
 ". . . [N]o more particularity is required in stating a claim against a fictitious party than is required in stating a claim against a party whose name is known at the time the complaint is filed."
(Emphasis omitted.)
Did a claim that Huntley and Green were negligent on or before the occasion made the basis of this suit and that their negligence proximately caused Hutchins's injuries state a cause of action against Huntley and Green? No.
Therefore, we affirm the summary judgment in favor of Huntley and Green.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur. *Page 890