This petition for the writ of mandamus requires an interpretation of the provisions of Rule 9(h), Ala.R.Civ.P., relating to fictitious parties, and the provisions of Rule 15(c), Ala.R.Civ.P., pertaining to the relation-back of amendments to pleadings. The specific question presented is whether a plaintiff who was allegedly injured while operating an off-line decorator machine at Scott Paper Company, and who described a defendant or defendants in the caption to his complaint as "J, K, and/or L, being the person, firm or corporation who manufactured, designed, sold, distributed, retailed or otherwise made available the Off-Line Decorator 102184" has sufficiently described the defendant/petitioner Jack Stover d/b/a Associated Engineering (hereinafter "Stover"), who had modified the machine 24 years after its purchase.
Stover was served with the plaintiff's complaint as the fictitiously named defendant. He filed a motion for summary judgment and filed in support of the motion affidavits that he contends show that the trial judge should have granted his motion for a summary judgment against the amended complaint on the ground that the amendment naming him was barred by the statute of limitations, and that the original complaint did not adequately assert a claim against him or sufficiently describe him. Stover asks for a writ of mandamus directing the trial judge to set aside the order denying Stover's summary judgment motion and to grant that motion.
On July 9, 1991, Terry Chavers suffered an on-the-job injury while working for Scott Paper Company as an operator of an off-line decorator machine that had been modified by Jack Stover, an engineer, 24 years after its purchase by Scott Paper Company. Chavers *Page 950 
was injured when his arm was caught in a nip point between the drive roll and the idler roll in the unwind section of the off-line decorator.[1] At the time of the accident, Chavers was attempting to clean up paper that had piled up between the rolls as a result of a paper break during operation of the decorator.
Chavers and his wife sued on July 2, 1993. The two-year statutory limitations period on the action expired on July 9, 1993. The Chaverses' original complaint named as defendants four of Terry Chavers's co-employees at Scott Paper Company; it named Black Clawson Kennedy, Inc., which they alleged was the original designer and manufacturer of the off-line decorator; it fictitiously described other co-employees; and it fictitiously described the following entities the Chaverses claimed were responsible for the manufacture, design, sale, or distribution of the off-line decorator: "J, K, and/or L, being the person, firm or corporation who manufactured, designed, sold, distributed, retailed or otherwise made available the 'Off-Line Decorator 102184' described hereinafter in this complaint." The off-line decorator was not further described in the original complaint.
On April 14, 1994, the Chaverses filed their first amended complaint, wherein they substituted Jack Stover, doing business as Associated Engineering, for the entity previously designated as "J" in the original complaint.
In the original complaint, the Chaverses claimed that defendant "J" was liable under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for manufacturing, selling, distributing, retailing, supplying, or otherwise providing the off-line decorator 102184 in a defective and unreasonably dangerous condition. Further, the plaintiffs charged that "J" negligently or wantonly designed, sold, distributed, retailed, or manufactured that machine; that "J" negligently or wantonly failed to provide adequate warnings or instructions for the safe use of the machine; and that "J" negligently or wantonly failed to provide adequate guarding of the nip point in which Terry Chavers was injured.
The following facts are undisputed: The off-line decorator had been in place since 1965. Stover did design work on the unwind section of the off-line decorator in 1989. Stover was not the original designer, manufacturer, or seller of the off-line decorator, and he was not asked to do work on the machine before its installation and use by Scott Paper Company.
Stover argues that the Chaverses' description of the fictitiously named defendant in the original complaint did not include any person or entity responsible for modifying the off-line decorator or any of its components, or any person who was responsible for failing to correct defects in the original design or manufacture of the off-line decorator. Stover argues that the original complaint described the original 1965 designer, manufacturer, seller, distributor, and/or retailer of the off-line decorator. He contends that the complaint did not adequately describe him— as the engineer who, in 1989, performed work to strengthen certain components in the existing unwind section.
Stover argues in his brief that this Court most recently addressed the dispositive issue in this case in Fulmer v. ClarkEquipment, 654 So.2d 45, 46 (Ala. 1995):
 "Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant."
Stover argues that the claim the Chaverses make against him is not a claim against the fictitiously named party who originally designed the off-line decorator 102184, but a claim alleging that he failed to correct a defect created 24 years earlier by the person or entity fictitiously described as "J" in the original complaint. Stover argues that the pleadings never stated such a claim against him, not even in the original complaint. *Page 951 
Based on these facts, Stover moved for a summary judgment, alleging that the Chaverses' original complaint did not adequately describe him and that the original complaint did not state a claim against him. Because of these facts, Stover argued before the trial court, and has argued here, that the amended complaint did not relate back to the date of the filing of the original complaint and thus was barred by the applicable statute of limitations. The trial judge denied Stover's motion for summary judgment, holding that the description in the original complaint included the design modifications made by Stover in 1989.
In opposition to Stover's motion for summary judgment, the Chaverses offered as evidence the testimony of their expert, Dr. George William Douglas, Jr., who testified by affidavit that upon his review of the depositions and affidavits that had been filed by both parties, he concluded that Stover's failure to install a braking system for the parent roll violated good engineering practice, in that his installing such a system would have prevented the accident in this case. Stover moved to strike the testimony of Dr. Douglas on the grounds that it contained hearsay, assumed facts that were not in evidence, contained speculation, violated the best evidence rule, and contained legal conclusions. The trial court denied Stover's motion.
The relation-back principle in fictitious party practice applies if the plaintiff stated a cause of action against the fictitiously named party in the body of the original complaint, and if the plaintiff had no knowledge of the identity of the fictitiously named defendant when the plaintiff filed the original complaint.
The purpose of the relation-back principle and the fictitious party rule, of course, is "to toll the statute of limitations in emergency cases where plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity." Columbia Engineering Int'l,Ltd. v. Espey, 429 So.2d 955, 959 (Ala. 1983). But the rule does not permit relation back in every case. This Court has stated that "Rule 9(h) [the fictitious party rule] was not meant to excuse ignorance of the identity of a cause of action, but only ignorance of the name of the party against whom a cause of action is stated." Id. at 960.
Stover argues that the Chaverses either were not aware of a cause of action for the alleged failures of an entity who subsequently strengthened the unwind section, or for their own reasons elected not to state such a cause of action in their original complaint.
Stover testified that he did work to strengthen the unwind section on the off-line decorator, including designing, among other things, the following:
 (1) A brake on the parent roll, which would, upon activation, stop the rotation of all rolls in the unwind section, including the drive and idler rolls, within 40-50 seconds.
 (2) A fixed safety guard precluding human access to the area in which the drive and idler rolls were located, standing 42 inches off the floor.
 (3) Two tape guards covering the tapes on the drive and idler rolls and precluding inadvertent contact by an operator with the tapes.
The evidence showed that when Mr. Chavers was injured, the fixed safety guard and the tape guards had been removed. Mr. Chavers also did not use the parent roll brake that had been designed by Stover. The tape guards designed by Stover had also been removed by the time of this accident. However, this Court is not addressing the issue whether the accident could have been avoided had the modifications made by Stover been employed, but whether the modifications made by Stover sufficiently made Stover the party fictitiously described as "J, K, and/or L, being the person, firm or corporation who manufactured, designed, sold, distributed, retailed or otherwise made available the 'Off-Line Decorator 102184' described hereinafter in this complaint."
In order to state a cause of action against a fictitiously named defendant in the body of the original complaint, the complaint *Page 952 
must contain a description of wrongdoing on the part of the fictitiously named defendant. Columbia Engineering Int'l, Ltd.v. Espey, 429 So.2d 955 (Ala. 1983). We conclude that the Chaverses met this requirement. In Espey, this Court also enunciated a standard to test the sufficiency of the plaintiff's allegations against a fictitiously named defendant contained in the body of the original complaint:
 "Any count in a complaint which would state a cause of action under our liberal notice pleading rules would also state a cause of action against a fictitious party. One need not state with more particularity a cause of action against an unknown party as compared to a named party. . . ."
429 So.2d at 960.
Under this standard, we conclude that the allegations contained in the body of the Chaverses' original complaint were sufficient to state a cause of action against Stover based upon his alleged wrongful conduct in negligently and/or wantonly failing to properly design the off-line decorator 102184. Stover testified that he made significant design modifications to "beef up" the off-line decorator for Scott Paper Company, and in an affidavit filed in support of his motion for summary judgment he stated, in part: "Associated Engineering Company has hired by Scott Paper Company in 1989 to perform certaindesign work in connection with a rebuild of the off-line decorator." (Emphasis added.) Thus, the Chaverses could show that the condition of the off-line decorator at the time of the accident might be attributable to the combined negligence of the original designer, Black Clawson Kennedy, Inc., and Stover, who was designated in the original complaint as "J," — "the person, firm or corporation who manufactured, designed, sold, distributed, retailed or otherwise made available the Off-Line Decorator 102184."
As to Stover's contention that the plaintiffs failed to exercise due diligence in ascertaining his identity, we hold that our standard of reviewing summary judgments prevents us from holding, as a matter of law, that the Chaverses were not diligent in substituting him as one of the fictitiously named defendants. Ex parte FMC Corp., 599 So.2d 592 (Ala. 1992). InEx parte FMC Corp., this Court wrote:
 "Although the record indicates that reasonable people could differ as to whether the plaintiffs proceeded in a reasonably diligent manner in identifying [the fictitiously named defendant added by amendment], a writ of mandamus would be proper in this case only if undisputed evidence showed that the plaintiffs had failed to act with due diligence in identifying [the fictitiously named defendant] as the party intended to be sued."
599 So.2d at 595. See Ex parte Klemawesch, 549 So.2d 62 (Ala. 1989).
We conclude that the petitioner Stover has failed to show that he is clearly entitled to the relief he seeks. The trial court correctly denied Stover's motion for a summary judgment.
WRIT DENIED.
ALMON, SHORES, KENNEDY, and COOK, JJ., concur.
[1] The off-line decorator decorates tissue paper. It consists of an unwind section, where a roll of undecorated paper is initially set up; a decorator section, wherein the paper is actually decorated; and a rewind section, in which the decorated paper is wound back into a roll. The paper is driven through the various sections by action of rolls.