International Refining Manufacturing Co. d/b/a IRMCO and 47 other corporate defendants in the proceeding below ("the petitioners") petition this Court for a writ of mandamus directing the Fayette Circuit Court to vacate its order denying the petitioners' motions to dismiss the claims against them, or, in the alternative, for a summary judgment. We grant the petition and issue the writ.
 Facts and Procedural Background
On November 13, 2003, Bell Carr, Jr., and approximately 320 other former employees at a manufacturing plant operated by Arvin Industries d/b/a Arvin-Meritor, Inc. (hereinafter "the plaintiffs"), sued Arvin-Meritor and six individual defendants, also former employees at the plant, where automotive mufflers were manufactured. The complaint alleged that up until the closing of the plant in May 2002, the plaintiffs suffered harm from "exposure to toxic and dangerous chemicals" that were flushed from the manufacturing machines and eventually circulated into a large pit, which the plaintiffs were responsible for draining and cleaning. In addition to these seven defendants, the original complaint fictitiously named 40 other defendants in the caption and in the body of the complaint.
On May 6, 2005, approximately three years after their last exposure to the chemicals, the plaintiffs filed their first amended complaint, seeking to add 64 new named defendants, including the petitioners, in place of the fictitiously named defendants (hereinafter "the new defendants"), 113 new plaintiffs, as well as additional fictitiously named defendants. The amended complaint reasserted the five claims asserted in the original complaint, but only against the seven original defendants. The first amended complaint also alleged claims of negligence, wantonness, liability under the Alabama Extended Manufacturer's Liability Doctrine, civil conspiracy, and the tort of outrage, but only against the new defendants.
On June 14, 2005, the new defendants removed the case to the United States District Court for the Northern District of Alabama pursuant to the Class Action Fairness Act ("CAFA"),28 U.S.C. § 1453. The district court remanded the five original claims against the seven original defendants to the Fayette Circuit Court because they did not fall within the CAFA. The district court also determined that the claims in the amended complaint against the new defendants did not relate back under Alabama law and did not constitute what it referred to as an "interstate case of national importance." Accordingly, the *Page 788 
new claims asserted and the parties added in the amended complaint fell within the exception to federal jurisdiction under CAFA in 28 U.S.C. § 1332(d)(11)(B)(ii)(I),[1] and the district court also remanded the remaining claims to the Fayette Circuit Court.
Upon remand, the new defendants filed motions to dismiss, or, in the alternative, for a summary judgment, on the ground that the claims asserted against them in the amended complaint did not relate back to the date of the filing of the original complaint and are thus barred by the two-year statute of limitations. See § 6-2-38(0, Ala. Code 1975. The trial court conducted a hearing and denied the motions. The new defendants sought a certification to file a permissive appeal under Rule 5, Ala. R.App. P., but the trial court denied the request for the certification. The petitioners then filed this petition for a writ of mandamus.
 Standard of Review "`"[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998). "Subject to certain narrow exceptions . . ., the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus." Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761 (Ala. 2002) (citing Ex parte Jackson, 780 So.2d 681, 684 (Ala. 2000)).'
 "Ex parte Alloy Wheels Int'l, Ltd., 882 So.2d 819, 821-22 (Ala. 2003)."
Ex parte Chemical Lime of Alabama, Inc.,916 So.2d 594, 596-97 (Ala. 2005). This Court has recognized an exception to the general rule that the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by mandamus; that exception applies when the motion the trial court has denied was filed by a newly joined defendant asserting a statute-of-limitations defense based on the plaintiffs failure to state a cause of action against the defendant, who, in the original complaint, was fictitiously named. See, e.g., Exparte Stover, 663 So.2d 948, 951-52 (Ala. 1995).
 Discussion
The petitioners claim that the plaintiffs failed to meet the requirements of fictitious-party practice found in Rule 9(h), Ala. R. Civ. P., and that, therefore, the claims in the amended complaint and the addition of the new defendants do not relate back to the filing date of the original complaint under Rule 15(c)(4), Ala. R. Civ. P. Accordingly, they argue, those claims are barred by the two-year statute of limitations. The petitioners further contend that the plaintiffs did not act with due diligence in identifying the fictitiously named defendants before they filed their original complaint. We address, first, the threshold issue: whether the original complaint sufficiently stated a cause of action against the fictitiously named defendants to support the relation-back of the new claims in the amended complaint.
 Rule 9(h), Ala. R. Civ. P., provides:
 "(h) Fictitious Parties. When a party is ignorant of the name of an opposing *Page 789 
party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
Rule 9(h), Ala. R. Civ. P., allows a plaintiff to assert claims against a fictitiously named defendant who is subsequently substituted and named, and those claims will "`relate back to the date of the original complaint if the originalcomplaint adequately described the fictitiously named defendantand stated a claim against such a defendant.'" Exparte Snow, 764 So.2d 531, 535 (Ala. 1999) (quotingFulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala. 1995) (emphasis added)). See also Clay v. Walden JointVenture, 611 So.2d 254, 255 (Ala. 1992) ("[T]he plaintiff must state a cause of action against the fictitiously named party in the body of the original complaint.").
The plaintiffs cite Johnson v. City of Mobile,475 So.2d 517, 518-19 (Ala. 1985), for the proposition that rules of pleading "`are to be construed liberally to effect the purpose of the rules, and, under the rule of liberal construction, every reasonable intendment and presumption must be made in favor of the pleader.'" Citing Rule 8, Ala. R. Civ. P., andWaters v. Jolly, 582 So.2d 1048, 1056 (Ala. 1991), the plaintiffs further contend that the pleading need only set forth a short, plain statement of the claim showing that the pleader is entitled to relief, the purpose of which is to give the defendant adequate notice of the claims against it. We agree with the plaintiffs that the purpose of notice pleading is to provide defendants adequate notice of the claims against them. The same notice-pleading rule applies to fictitious-party pleading. See, e.g., Stover, 663 So.2d at 952 ("'Any count in a complaint which would state a cause of action under our liberal notice pleading rules would also state a cause of action against a fictitious party. One need not state with more particularity a cause of action against an unknown party as compared to a named party.'") (quoting Columbia Eng'gInt'l, Ltd. v. Espey, 429 So.2d 955, 960 (Ala. 1983)). The pertinent question, in this case, is whether the plaintiffs' original complaint would have provided the fictitiously named defendants adequate notice of the claims against them.
A complaint stating a claim against a fictitiously named defendant must contain sufficient specificity to put that defendant on notice of the plaintiffs claim if it were to read the complaint. See Phelps v. South Alabama Elec.Coop., 434 So.2d 234, 237 (Ala. 1983) ("'There were no allegations in the body of the complaint charging that the "designer, manufacturer, assembler, distributor, or seller" of the hoist was negligent.' . . . Thus, there was virtually no way for the defendant to be put on notice by the original complaint that it might be a party to that suit.") (holding that the complaint did state a cause of action against the fictitiously named defendant and discussing and distinguishingWalden v. Mineral Equip. Co., 406 So.2d 385, 389
(Ala. 1981)). In other words, merely naming the fictitious party in the style and/or body of the complaint is insufficient; the complaint must describe the actions that form the basis of the cause of action against the fictitiously named defendant. SeeStover, 663 So.2d at 951-52 ("In order to state a cause of action against a fictitiously named defendant in the body of the original complaint, the complaint must contain a description of wrongdoing on the part of the fictitiously named defendant.") (quoting Columbia Eng'g Int'l, Ltd. v.Espey, 429 So.2d at 960). Likewise, in Phelps, the Court distinguished Columbia Engineering, in which the Court held that the complaint *Page 790 
did not state a cause of action against one of the fictitiously named defendants. In Phelps, this Court noted, "In Columbia Engineering, supra, the opposite result was reached because there was no allegation of whatthe engineering company did, but only that the `wrongfulconduct' of the defendant resulted in injury to theplaintiff." 434 So.2d at 237 (emphasis added).
The original complaint stated five separate causes of action: workers' compensation, co-employee liability, misrepresentation, suppression and concealment, and deceit. Each count specifically named the defendant or defendants against whom that count was directed, but no count even mentioned the fictitiously named defendants. One of the paragraphs describing the fictitiously named defendants states: "References to `defendants' in this complaint will be understood to include fictitious party defendants." Even though the plaintiffs never alleged any of the counts directly against the fictitiously named defendants, they claim that because the paragraphs describing the fictitiously named defendants incorporated those unknown defendants in all references to "defendants," each count that seeks relief against "defendants" implicitly incorporates the fictitiously named defendants.
This argument is inconsistent with the plain language of the plaintiffs' original complaint. Of the five counts in that complaint, only the counts alleging mis-representation, suppression and concealment, and deceit stated a claim not against a specifically named defendant or defendants, but against the more general "defendants." The claims seeking workers' compensation and alleging co-employee liability sought relief against specific defendants. Each of the five counts, however, specifically identified the individual defendants against whom the count was directed. The complaint cannot be read to invoke the fictitiously named defendants every time the word "defendants" was used in describing a count simply because the word "defendants" was used to describe the individual defendants specifically named in each count. That is not to say, however, that the original complaint wholly failed to state a cognizable cause of action against any of the fictitiously named defendants.
The plaintiffs' original complaint includes the fictitiously named defendants in the caption as well as in the body. Paragraphs 4 and 5 describe the "fictitious party defendants" as "persons, firms, or corporations, whether singular or plural, who or which caused or contributed to cause death to the plaintiffs decedent[2] . . . or who by their acts, omissions, negligence, or wantonness, jointly, severally, or separately caused or contributed to cause the occurrence complained of herein." The original complaint asserts factual allegations against the fictitiously named defendants only in two paragraphs. Paragraph 12 states, in pertinent part, as follows:
 "[T]he pit itself required cleaning at least two (2) times a year during the period of the operation of the plant. This cleaning would be accomplished, on orders of the defendants Norman Bobb, John Gary, Ron Goodwin, Todd Morgan, Nina Butler, and/or Richard Estes, and/or fictitious party defendants 1 through W, by the pit being drained and then cleaned by hand by employees from various other plant departments. . . ." *Page 791 
(Emphasis added.) Likewise, paragraph 14 of the original complaint further describes facts relevant to the cleaning of the pit sufficient to implicate the fictitiously named defendants under the broad construction of the word "defendants." The original complaint contains no other description of any wrongful acts or omissions by the fictitiously named defendants.
Taken together with the claims of negligence and/or wantonness asserted against the fictitiously named defendants in the first amended complaint, these factual allegations adequately describe acts that form the basis of a cause of action against the fictitiously named defendants — namely, that they ordered the pit to be drained and cleaned by hand — and thus they comply with the notice-pleading requirement inStover. However, the cause of action described here supports only claims of negligence and/or wantonness in the context of their co-employees' ordering the plaintiffs to drain and clean the pit by hand. The complaint states no additional facts involving the fictitiously named defendants that would give them adequate notice of other claims of negligence or wantonness stemming from other acts or omissions. From the documents submitted by the petitioners in support of their petition for a writ of mandamus it appears that the 64 new defendants substituted in the amended complaint for the fictitiously named defendants are all corporate defendants. Further, it appears that the five additional claims asserted against the new defendants are all claims arising out of a products-liability cause of action, having nothing to do with co-employees' ordering the plaintiffs to drain and clean the pit by hand.
Neither the new defendants nor the added causes of action fall within the narrow cause of action asserted in the original complaint against the fictitiously named defendants. Therefore, they do not relate back to the filing date of the original complaint. The plaintiffs, however, in their response to the petition, contend that some of their claims nonetheless survive, because, they say, those claims fall within a six-year statute of limitations. See § 6-2-34, Ala. Code 1975. That issue, however, is not before us; our mandamus review extends to reviewing the denial of motions for a dismissal or for a summary judgment that asserted a statute-of-limitations defense only as to fictitious-party practice. See Stover,663 So.2d at 951-52. The extent to which the amended complaint, filed within six years of the events made the basis of the action but not within two years thereof, states claims not barred by the two-year statute of limitations is a question not before us. However, all claims governed by a statute of limitations that require the application of the doctrine of relation back under fictitious-party practice to survive are due to be dismissed.
 Conclusion
We reverse the trial court's order denying the motions to dismiss, or for a summary judgment, and we remand the case for further proceedings, including a determination of the extent to which any claims are timely, without the availability of the relation-back doctrine.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] 28 U.S.C. § 1332(d)(11)(B)(ii)(I) states that "the term `mass action' shall not include any civil action in which". . . all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State. . . ."
[2] Despite our efforts, we can find no reference in the original complaint, other than this one, to an injury resulting in death, although it is altogether possible that one of the approximately 320 plaintiffs named in the original complaint brought a claim for an injury resulting in death. *Page 792