I concur as to the denial of the petition for the writ of mandamus filed by Kathy *Page 1117 
Sawyer and James R. Finch (case no. 1051249).
 II. Stevens (case no. 1051304)
I respectfully dissent from granting the petition for the writ of mandamus filed by Sonya Stevens (case no. 1051304). The main opinion states:
 "Stevens requests relief in the form of an order directing the trial court (1) to vacate its March 20, 2006, order denying her motion to dismiss, (2) to vacate its June 8, 2006, order denying her motion for leave to file a motion for a summary judgment, and (3) to enter an order granting her May 25, 2006, summary-judgment motion on the ground that the claims against her are time-barred."
984 So.2d at 1104.
We permit review of interlocutory orders rejecting the defense of limitations only in a setting, such as here, where the newly added defendant has been substituted for a party sued by a fictitious name. Our review on a petition for a writ of mandamus extends to reviewing the denial of motions for a dismissal or for a summary judgment that asserted a statute-of-limitations defense only as to fictitious-party practice. Ex parteInternational Refining Mfg. Co., 972 So.2d 784
(Ala. 2007).
Laura Percer obtained leave to amend the complaint to substitute Stevens for a fictitious party on January 18, 2006, and she amended her complaint on January 24, 2006. The complaint was served on Stevens on February 11, 2006. On March 1, 2006, Stevens filed a petition for a writ of mandamus in this Court challenging the trial court's order of January 18, 2006, because, she argued, it impermissibly permitted Percer to avail herself of the doctrine of relation back pursuant to fictitious-party practice. We denied the petition on May 3, 2006, because Stevens was not a party at the time the order allowing the amendment was entered.
When Stevens was served with the complaint on February 11, 2006, the deadline for filing motions for a summary judgment had passed. Stevens filed a motion to dismiss, asserting the defense of limitations on March 13, 2006, and the trial court entered an order, mistakenly referring to a motion filed by Sawyer, denying Stevens's motion on March 20, 2006. Stevens did not seek review of that order until filing the instant petition on June 13, 2006. Because this petition was filed more than 42 days after the denial of the motion on March 20, 2006, it is beyond the presumptively reasonable time set forth in Rule 21(a)(3), Ala. R.App. P. Stevens's inactivity is primarily attributable to her reliance upon the merit of her March 1 petition. Whether she is entitled to review at this time depends on the reasonableness of that reliance. I am reluctant to establish precedent that permits successive petitions for the writ of mandamus seeking to address the merits of the same question of law to be deemed to be filed within a reasonable time, when an earlier petition attempting to address the same question was denied as procedurally defective. A determination of a reasonable time should not countenance multiple bites of the same apple, with the same apple here being the question of law dealing with the availability to Percer of fictitious-party practice as a means of avoiding the defense of limitations.
With respect to the different apple of the unfairness of applying a deadline for filing motions for a summary judgment that expired before Stevens was served, the instant petition was filed four months after she was served, the point in time when she first became subject to the deadline. She did not seek relief from the deadline in the trial court until May 26, *Page 1118 
2006. I do not see any basis for treating her delay in challenging the applicability to her of such deadline as reasonable. She had no basis merely to assume that her earlier petition to this Court seeking to interpose the defense of limitations would be granted, thus eliminating any necessity for resort to summary judgment to establish other defenses. I therefore dissent as to Stevens.
The extent to which issues may be asserted by Stevens at trial is a question not before us.