PETITION FOR WRIT OF MANDAMUS
Sharon K. Edwards, a party in a case pending in the Pike Circuit Court, petitions for a writ of mandamus directing the trial judge, Judge Robert W. Barr, to enter an order awarding custody of the parties' minor children to her and to vacate his orders of September 3, 1998, and September 10, 1998, setting pending issues for an evidentiary hearing and/or trial. For the reasons discussed below, we grant the petition in part and deny it in part.
When Sharon K. Edwards and Ronald Walter Edwards were divorced in February 1994, the mother was awarded custody of their two minor children. The father filed a petition to modify, in June 1997, requesting that custody of the children be awarded to him. The mother then filed an answer and a counterclaim, requesting a modification of the father's child-support obligation. On August 7, 1997, the trial court entered a judgment transferring custody of the children from the mother to the father. The mother appealed to the Court of Civil Appeals. On May 1, 1998, that court reversed the trial court's judgment and remanded the cause "for proceedings consistent with this opinion." Edwards v. Edwards, [Ms. 2970024, May 1, 1998] ___ So.2d ___ (Ala.Civ.App. 1998).
The father petitioned this Court for certiorari review. On May 21, 1998, at the father's request, the trial court ordered "that this cause be and the same is stayed pending appellate review of the Court of Civil Appeals' decision dated May 1, 1998."[1] The mother then petitioned this Court for a writ of mandamus directing the trial court to set aside its order staying the proceedings and to comply with the directive of the Court of Civil Appeals. On August 26, 1998, this Court denied certiorari review of the Court of Civil Appeals' May 1, 1998, judgment, and on September 29, 1998, we dismissed the mother's petition for the writ of mandamus as moot.
In the meantime, on August 31, 1998, the mother had filed in the trial court a "Motion to Enter Order in Accordance with Opinion of [the] Alabama Court of Civil Appeals." In that motion, she requested the trial court to enter an order returning custody of the children to her and ordering that the parties' divorce judgment entered on February 10, 1994, continue to govern the proceedings involving her and her former husband. We note that the mother stated in her motion that "the father returned the minor children to the mother Sunday, August 30, 1998, so that the children could be immediately enrolled in the Tallahassee School System." On September 3, the trial court entered the following notation on the case action summary sheet:
 "It appears that the Plaintiff, Ronald Edwards, has voluntarily returned the children to the Defendant pursuant to the ruling of the Court of Civil Appeals. It further appears that the trial court's judgment in the case was reversed and remanded for proceedings consistent with the opinion. Therefore an evidentiary hearing is set on Plaintiff's Motion to Modify *Page 794 
Custody . . . for the 1st day of December, 1998, at 9:00 A.M."
Also on September 3, 1998, the father filed a motion to have the case set for trial, and on September 10, 1998, the trial court scheduled the trial for December 1, 1998.
On October 1, 1998, the mother filed a motion with this court asking us to "reconsider" our denial of her petition for the writ of mandamus. We treated that filing as a motion to amend the petition for the writ of mandamus, and granted the motion. In her amended petition, the mother argues that the trial court's order setting this case for an evidentiary hearing and/or trial conflicts with the decision of the Court of Civil Appeals and with the subsequent orders entered by this Court. She also alleges that the trial court has not yet entered an order awarding custody of the children to her.
In his answer to the mother's petition, the father contends that the trial court complied with the Court of Civil Appeals' judgment when it set this case for "further proceedings consistent with" that court's opinion. The father states that issues regarding visitation and child support have yet to be resolved in this case. The father also states that "since further proceedings were ordered, [he moved] the Trial Court for trial so that he could present additional evidence (concerning facts occurring after the Trial Court's original judgment) in support of his Motion to Modify Custody."
In response, the mother argues that a hearing to determine child support is not necessary in this case because, she says, the trial court can determine the proper amount of support from income affidavits filed by the parties. She also argues that a hearing is not necessary to determine visitation, if the trial court grants her August 31, 1998, motion and orders that the parties' 1994 divorce judgment continue to apply. Finally, the mother argues that the doctrine of res judicata prevents the father from presenting new evidence regarding the issue of custody.
A petition for a writ of mandamus is the proper method for bringing before an appellate court the question whether a trial court, after remand, has complied with the mandate of this Court or of one of our intermediate appellate courts. Ex parte Brown,562 So.2d 485 (Ala. 1990). Furthermore, a petition for a writ of mandamus is the proper method for seeking to have a trial court vacate an order that it had no power to enter. Great Atlantic 
Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala. 1979). A writ of mandamus is an extraordinary remedy, however, that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner. Ex parte Rollins,495 So.2d 636 (Ala. 1986). The petitioner must demonstrate the following: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Adams, 514 So.2d 845, 850 (Ala. 1987).
We first address whether the trial court has complied with the mandate of the Court of Civil Appeals. "It is well settled that, after remand, the trial court should comply strictly with the mandate of the appellate court by entering and implementing the appropriate judgment." Auerbach v. Parker, 558 So.2d 900, 902
(Ala. 1989). In Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983), this Court stated:
 "`It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered. . . . The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence. . . .'"
431 So.2d at 155 (quoting 5 Am.Jur.2d, Appeal Error § 991 (1962)).
Clearly, the mandate of the Court of Civil Appeals required that the trial court enter a judgment awarding custody of the minor children to the mother. Instead of entering the appropriate judgment, however, the trial court set the case for an evidentiary *Page 795 
hearing and/or trial on December 1, 1998, relying on language commonly used by an appellate court to remand a cause for "proceedings consistent with" its opinion. No doubt, the "proceedings" referred to in the Court of Civil Appeals' opinion contemplated the entry of a judgment without a new trial or an evidentiary hearing. See, e.g., Murphree v. Murphree,600 So.2d 301, 303 (Ala.Civ.App. 1992) ("given the facts and the language of the opinion, `further proceedings' meant a reduction in the amount of child support awarded").
The father now seeks to use the "proceedings" ordered by the trial court to present what he refers to as additional evidence regarding his petition for modification, evidence that he says concerns facts that occurred after the trial court had entered its "original judgment." Neither of the parties has included a copy of the father's petition with the supporting documentation submitted to us. We cannot tell, therefore, if the father is attempting to present additional evidence in support of his June 1997 petition for modification or if he has filed a new petition since that time. If he seeks to reopen the decision made regarding that 1997 petition, he may not do so in the proceedings scheduled for December 1, 1998. The custody determination is final with respect to the particular set of circumstances before the court upon which it made the decision that ultimately was reversed by the Court of Civil Appeals. See Self v. Fugard, 518 So.2d 727 (Ala.Civ.App. 1987).
If the father has new evidence, however, that he believes would allow him to seek to have the most recent custody determination modified, then he may, if he has not already done so, file a new petition for modification with the trial court. Id. Contrary to the mother's contention, the issue of the proper custody of minor children is never res judicata. Ex parte Lipscomb, 660 So.2d 986 (Ala. 1994). If the proceedings scheduled for December 1, 1998, are for the purpose of considering a subsequent petition for modification based on evidence relating to events occurring after the August 7, 1997, determination was made, then those proceedings may go forward.
In addition to his allegations of new evidence, however, the father also contends that issues regarding visitation and child support remain unresolved. The mother argues that no hearing is necessary on those matters because, she says, the visitation schedule in the original divorce judgment can be used and the trial court can determine the appropriate amount of child support from income affidavits filed by the parties. Because we have not been provided with copies of the pleadings filed by the parties, we are not able to determine the issues that the trial court has the authority to address. Neither party informs us whether the issue of the modification of visitation was raised in the father's June 1997 petition. If it was, however, we cannot say that the trial court abused its discretion in scheduling a hearing to consider the visitation issue and to allow the parties to present evidence if necessary. The Court of Civil Appeals' opinion states that the mother's counterclaim, filed in response to the father's June 1997 petition to modify, sought a modification of the amount of child support paid by the father. Again, we cannot say that the trial court abused its discretion in scheduling a hearing to consider the child-support issue. A court often must consider factors other than the parties' income affidavits in calculating child support. See generally Alabama's "Child Support Guidelines," Rule 32, Ala. R. Jud. Admin. To the extent that the proceedings scheduled for December 1, 1998, are for the purpose of dealing with matters regarding visitation and/or child support that presently are pending, those proceedings also may go forward.
The mother's petition for the writ of mandamus is due to be granted insofar as it seeks an order awarding custody of the children to her in compliance with the mandate of the Court of Civil Appeals. The trial court is hereby directed to enter that order forthwith. To the extent that the proceedings scheduled for December 1, 1998, are intended to address other pending matters, however, those proceedings may go forward, subject to the following conditions:
1. Modification of the child support paid by the father may be considered, unless the *Page 796 
mother chooses to withdraw her request for that modification.
2. Modification of visitation may be considered if the father has asked for a modification of his visitation rights.
3. New evidence relating to events occurring after August 7, 1997, regarding the modification of custody of the children, may be considered only if the father presently has pending a petition for modification that was filed after August 7, 1997, and that has not yet been considered.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Hooper, C.J., and Maddox, Kennedy, and See, JJ., concur.
[1] We note that the condition under which the stay was entered, i.e., the then pending certiorari review of the Court of Civil Appeals' decision, no longer exists; therefore, it has expired by its own terms. We have not been asked to address the propriety of the initial entry of the stay.