In Ex parte Monroe, 727 So.2d 104 (Ala. 1999), our Supreme Court stated that "`[i]n domestic relations cases a minor child has an inalienable right to the maximum protection of the judiciary.'" 727 So.2d at 106 (quoting Ex parte D.W.W., 717 So.2d 793, 796 (Ala. 1998)). It appears that the trial court was attempting to protect the child in this case.
Unlike the court in Ex parte Monroe, however, the trial court in the present case has not ruled on whether the father met his burden under Exparte McLendon, 455 So.2d 863 (Ala. 1984), so as to justify a custody modification. Under the trial court's order, if the mother does not move back to Alabama within 30 days, the trial court will reopen the case and consider a further ruling on the father's modification petition. I therefore agree with Presiding *Page 354 
Judge Yates that the instant order is not a final judgment and is therefore not appealable; like her, I would treat this appeal as a petition for a writ of mandamus.
"A writ of mandamus is an extraordinary remedy, however, that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner." Ex parte Edwards, 727 So.2d 792,794 (Ala. 1998). The petitioner must demonstrate:
 "`(1) a clear legal right in the petition to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Edwards, 727 So.2d at 794 (quoting Ex parte Adams, 514 So.2d 845,850 (Ala. 1987)).
Based on the record as presented in this proceeding, I cannot conclude that the trial court has clearly abused its discretion or acted in an arbitrary and capricious manner.[1]
In light of the foregoing, I concur in the result reached by the main opinion.
Crawley, J., concurs.
[1] In her dissent, Presiding Judge Yates notes a number of concerns regarding the facts of this case and the testimony of the child. Without intending to imply any agreement or disagreement with any of the other concerns she expresses, I do note that the record contains no evidence tending to support the trial court's statement that the mother has been offered a job in Alabama if she will now return to this state. In the event the mother does not return to Alabama and the trial court therefore does reopen this matter as it relates to custody, the evidence that has been introduced would not support such a finding.