MOORE, Judge,
concurring specially.
Although I concur to affirm the trial court’s judgment, I write to address my concerns with the language of the remand order previously entered by the Alabama Supreme Court in a related appeal and its ramifications on the outcome of Calvin Lamar’s appeals. See Lamar v. Langford (No. 1090252* July 22, 2010).
In 2008, Lamar filed a complaint against Peyton A. Langford III, requesting that the Autauga Circuit Court enter a judgment establishing the boundary line between their two properties. Langford filed an answer and a counterclaim seeking damages based on Lamar’s alleged removal of a fence that Langford asserted had formed the proper boundary line between their properties. On June 17, 2009, the trial court entered a judgment establishing the boundary line at issue, but that judgment did not address the counterclaim filed by Langford. On July 16, 2009, Lamar and Langford both' filed “post-judgment” motions to have the judgment set aside or revised. The trial court amended the judgment on October 7, 2009, but it still did not adjudicate the counterclaim. Lamar nevertheless filed a notice of appeal of the judgment to our supreme court on November 9, 2009.
Upon preliminary review, the supreme court discovered that Langford’s counterclaim remained unadjudicated, and the supreme court remanded the action to the trial court. In its remand order (“the remand order”), issued on July 22, 2010, the supreme court stated, in pertinent part:
“If you [the trial court] elect to enter the Rule 54(b)[, Ala. R. Civ. P.,] order, or any other final judgment, a supplemental record reflecting such action should be prepared and forwarded to [t]his Court within fourteen (14) days from the date shown on this remand order. The judgment will be considered final as of the date the new order is entered.
*700 “Failure to respond within fourteen (14) days will result in dismissal of the appeal as being from a non-final order.”
On remand, the trial court, on August 11, 2010, entered a judgment in favor of Lang-ford on the counterclaim, awarding Lang-ford $1,116.75. The trial-court clerk then prepared and submitted to the supreme court a supplemental record containing the new judgment on August 30, 2010.[1]
Ordinarily, a litigant aggrieved by a final judgment has 30 days in which to file with the trial court a postjudgment motion seeking to correct any alleged errors contained in the judgment. See Rule 59, Ala. R. Civ. P. However, because the language of the remand order in the present case required the trial court to submit the judgment entered on remand to the supreme court within 14 days, Lamar had only a very limited opportunity to file any post-judgment motion.
Lamar, in fact, filed a postjudgment motion regarding the August 11, 2010, judgment,[2] but he did not do so until September 9, 2010, well after the judgment had been submitted to the supreme court. By that time, the supreme court had not only accepted the supplemental record on appeal, but had transferred the appeal to this court. See ' § 12-2-7(6), Ala.Code 1975. This court would have held the appeal in abeyance pending the outcome of Lamar’s postjudgment motion had that post-judgment motion been filed before this court had taken jurisdiction of the appéal. Rule 4(a)(5), Ala. R.App. P. However, because the postjudgment motion was not filed until after the supplemental record had been submitted, this court proceeded to decide the appeal, affirming the trial court’s judgment without an opinion. See Lamar v. Langford (No. 2090191, October 1, 2010), 92 So.3d 186 (Ala.Civ.App.2010) (table).
The trial court subsequently purported to deny Lamar’s postjudgment motion as moot based on this court’s disposition of the prior appeal. Lamar now appeals from the purported denial of his post-judgment motion. We cannot, however, consider this appeal because the trial court lacked jurisdiction over the postjudgment motion. When Lamar filed his post-judgment motion on September 9, 2010, this court, by virtue of the language of the supreme court’s remand order in the prior appeal and the transfer of that appeal, held exclusive jurisdiction over the action, thereby depriving the trial court of jurisdiction. See Reynolds v. Colonial Bank, 874 So.2d 497, 503 (Ala.2003). Because the case was finally decided in the appellate courts, the trial court never regained jurisdiction.
The end result of this procedural quagmire is that the substance of the post-judgment motion Lamar filed on September 9, 2010, has never been considered by either the trial court or any appellate court: That result could have been avoided if Lamar had filed a motion to stay *701 enforcement of the remand order with our supreme court so that he could pursue his postjudgment motion. See, e.g., Jones Express, Inc. v. Jackson, 86 So.3d 298, 302 (Ala.2010) (on remand from the supreme court, the appellant sought to stay the pending appeal so that the trial court could address the pending postjudgment motion, which had not been addressed in the supreme court’s remand order). However, Lamar, acting pro se, did not seek a stay, and, as a result, the trial court and this court were bound to follow the procedural course set in motion by the supreme court’s remand order. See Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998) (quoting Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983), quoting in turn 5 Am.Jur.2d Appeal and Error § 991 (1962)) (“ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court....’” ”).
To avoid what I perceive to be an injustice, I urge the supreme court, and this court to the extent it utilizes similar language, to modify its standard remand order to account for postjudgment practice. Until such modifications are made, hopefully this writing will alert the members of the Bar to the potential pitfalls that accompany such orders.

. The remand order actually required that the supplemental record be transmitted, and, by implication, that a final judgment be entered, no later than-August 5, 2010 — i.e., the 14th day following the date of the remand order, July 22, 2010. However, neither party asserted the untimeliness of the trial court's actions, and it appears that the supreme court chose to assume jurisdiction of the action, rather than dismiss it, despite the untimely entry of the judgment on remand and the untimely transfer of the supplemental record.

. Lamar also filed a Rule 60(a), Ala. R. Civ. P., motion to correct entries in the trial court's case-action-summary sheet. On appeal, Lamar makes no argument as to any alleged error committed by the trial court in regard to that motion, so I do not address it. See Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 99 (Ala.2010) ("Failure by an appellant to argue an issue in [his] brief waives that issue and precludes it from consideration on appeal.”).