rel: 06/20/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2013-2014

————————————

1130110

————————————

**Ex parte International Refining & Manufacturing Co. d/b/a IRMCO, et al.**

PETITION FOR WRIT OF MANDAMUS

(In re: Bell Carr, Jr., et al.

v.

Arvin Industries d/b/a Arvin-Meritor, Inc., et al.)

(Fayette Circuit Court, CV-03-0142)

————————————

1130111

————————————

**Ex parte GE Betz, Inc., et al.**

PETITION FOR WRIT OF MANDAMUS

**(In re: Bell Carr, Jr., et al.**

**v.**

**Arvin Industries d/b/a Arvin-Meritor, Inc., et al.)**

**(Fayette Circuit Court, CV-03-0142)**

BRYAN, Justice.

International Refining & Manufacturing Co. d/b/a IRMCO, among others, and GE Betz, Inc., among others, separately seek mandamus relief from the trial court's denial of a motion for a summary judgment and a motion to dismiss. Although the first named petitioner differs in each petition, the petitioners in both are the same. Therefore, we will hereinafter refer to the petitioners in case no. 1130110 and case no. 1130111 collectively as "the new defendants."[1] The two petitions were consolidated for the purpose of writing one opinion. We deny the petition in case no. 1130110, and in case no. 1130111 we grant the petition in part, deny it in part, and issue a writ of mandamus, directing the trial court to dismiss any conspiracy claims against the new defendants.

<u>Facts and Procedural History</u>

---

[1]These parties are referred to as "the new defendants" in the two earlier opinions in this Court involving these parties because they were added as defendants after the filing of the original complaint. See discussion of those cases, <u>infra</u>.

1130110, 1130111

This is the third time this case has come before this Court. See Ex parte International Refining & Mfg. Co., 972 So. 2d 784 (Ala. 2007) ("International Refining"), and Carr v. International Refining & Mfg. Co., 13 So. 3d 947 (Ala. 2009) ("Carr"). In Carr, we described the facts and procedural history as follows:

> "'On November 13, 2003, Bell Carr, Jr., and approximately 320 other former employees at a manufacturing plant operated by Arvin Industries d/b/a Arvin-Meritor, Inc. (hereinafter "the [former employees]"), sued Arvin-Meritor and six individual defendants, also former employees at the plant, where automotive mufflers were manufactured. The complaint alleged that up until the closing of the plant in May 2002, the [former employees] suffered harm from "exposure to toxic and dangerous chemicals" that were flushed from the manufacturing machines and eventually circulated into a large pit, which the [former employees] were responsible for draining and cleaning. In addition to these seven defendants, the original complaint fictitiously named 40 other defendants in the caption and in the body of the complaint.
>
> "'On May 6, 2005, approximately three years after their last exposure to the chemicals, the [former employees] filed their first amended complaint, seeking to add 64 new named defendants, including the petitioners, in place of the fictitiously named defendants (hereinafter "the new defendants"), 113 new plaintiffs, as well

3

as additional fictitiously named defendants. The [first] amended complaint reasserted the five claims asserted in the original complaint, but only against the seven original defendants. The first amended complaint also alleged claims of negligence, wantonness, liability under the Alabama Extended Manufacturer's Liability Doctrine, civil conspiracy, and the tort of outrage, but only against the new defendants.'

"[International Refining,] 972 So. 2d at 787.

"Regarding wantonness, the former employees alleged in count 6 of the first amended complaint that the new defendants had 'wantonly engineered, designed, developed, configured, manufactured, assembled, distributed, and/or sold the chemicals' and other products that the former employees were exposed to through their work at Arvin. The former employees also alleged in count 13 that 5 of the new defendants had 'wantonly engineered, designed, ... manufactured, ... sold, inspected or consulted regarding the design, engineering, manufacturing, production, distribution and/or warnings associated with' the equipment used in Arvin's manufacturing process.

"'On June 14, 2005, the new defendants removed the case to the United States District Court for the Northern District of Alabama pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453. The district court remanded the [claims] to the Fayette Circuit Court ....

"'Upon remand, the new defendants filed motions to dismiss, or, in the alternative, for a summary judgment, on the ground that the claims asserted against them in the amended complaint did not

4

relate back to the date of the filing of the original complaint and are thus barred by the two-year statute of limitations. See § 6-2-38(l), Ala. Code 1975. The trial court conducted a hearing and denied the motions. The new defendants sought a certification to file a permissive appeal under Rule 5, Ala. R.App. P., but the trial court denied the request for the certification. The [new defendants] then filed [a] petition for a writ of mandamus.'

"International Refining, 972 So. 2d at 787-88 (footnote omitted).

"This Court granted the new defendants' petition and issued the writ of mandamus. We concluded in International Refining that the claims the former employees stated against the new defendants in the first amended complaint did not relate back to the claims they stated against the fictitiously named defendants identified in their original complaint. 972 So. 2d at 791. Because the first amended complaint was filed in May 2005, three years after the former employees' last possible exposure to the allegedly toxic chemicals, any new claims stated in that complaint, which were subject to a two-year statutory limitations period, see § 6-2-38(l), Ala. Code 1975, were time-barred and due to be dismissed. 972 So. 2d at 791.

"We noted in International Refining that the former employees argued 'that some of their claims nonetheless survive, because, they say, those claims fall within a six-year statute of limitations.' 972 So. 2d at 791. See § 6-2-34, Ala. Code 1975. However, we declined to reach the question whether a six-year statute of limitations applied to any of the former employees' claims against the new defendants, stating:

"'That issue ... is not before us; our mandamus review extends to reviewing the denial of motions for a dismissal or for a summary judgment that asserted a statute-of-limitations defense only as to fictitious-party practice. See [Ex parte] Stover, 663 So. 2d [948,] 951-52 [(Ala. 1995)]. The extent to which the amended complaint, filed within six years of the events made the basis of the action but not within two years thereof, states claims not barred by the two-year statute of limitations is a question not before us.'

"972 So. 2d at 791. Therefore, we 'reverse[d] the trial court's order denying the motions to dismiss, or for a summary judgment, and we remand[ed] the case for further proceedings, including a determination of the extent to which any claims are timely, without the availability of the relation-back doctrine.' 972 So. 2d at 791.

"On remand, the new defendants filed motions to dismiss or, in the alternative, for a summary judgment, on the ground that all the claims asserted against them were subject to the two-year limitations period stated in § 6-2-38(l), Ala. Code 1975, and were due to be dismissed pursuant to this Court's decision in International Refining. The former employees responded, arguing that their wantonness claims involved trespass to the person and, under McKenzie v. Killian, 887 So. 2d 861 (Ala. 2004), were subject to the six-year limitations period stated in § 6-2-34(1), Ala. Code 1975. The former employees conceded that their other claims against the new defendants were subject to the two-year limitations period and, without the availability of the relation-back doctrine, were due to be dismissed.

"On August 16, 2007, the former employees amended their complaint a second time. The second

6

amended complaint stated that it was 'intended to clarify the allegations contained in the Complaint and the First Amended Complaint in the wake of [International Refining].' It also stated that 'no new plaintiffs or defendants [were] added by way of [the] amendment' and that 'all claims stated [therein arose] out of the conduct, transaction, or occurrences set forth in the First Amended Complaint [and] no new causes of action [were] stated by way of [the] amendment.' The second amended complaint asserted only a workers' compensation claim against Arvin, a wantonness claim against the new defendants, and a separate wantonness claim against five of the new defendants who the former employees alleged had provided the equipment Arvin used in its manufacturing process.

"The wantonness claim asserted against the new defendants in the second amended complaint stated, in relevant part:

"'[The new defendants] acted willfully and/or wantonly, and committed trespass to the persons of the former employees, in that the said defendants consciously acted or omitted to act, and in that they willfully and wantonly engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold [the chemicals and other products] that resulted in physical impact to the persons of the former employees and injured the former employees, and in that the defendants acted or omitted a duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury would likely or probably result to the former employees, in reckless or conscious disregard of the rights or safety of the former employees.'

7

"The wantonness claim asserted against the five new defendants who the former employees alleged had provided equipment to Arvin stated similar allegations.

"The new defendants moved to strike the second amended complaint. However, the trial court did not rule on the motion to strike. Instead, the trial court concluded in its eventual ruling on the new defendants' motions to dismiss that, because the second amended complaint purported to state no new cause of action and to arise out of the same conduct and occurrences stated in the first amended complaint, the claims stated in the second amended complaint were subject to the same analysis as those in the first amended complaint. The new defendants argued that the wantonness claims in the first and second amended complaints were subject to a two-year limitations period because, they said, the claims were based on a products-liability theory. The new defendants relied on Malsch v. Bell Helicopter Textron, Inc., 916 So. 2d 600, 601 (Ala. 2005); Boyce v. Cassese, 941 So. 2d 932, 945-46 (Ala. 2006); Gilmore v. M & B Realty Co., 895 So. 2d 200, 207-09 (Ala. 2004); and Smith v. Medtronic, Inc., 607 So. 2d 156, 159 (Ala. 1992). Based on this authority, on February 4, 2008, the trial court entered an order dismissing all the former employees' claims against the new defendants. The former employees' claims against Arvin remained pending; however, the trial court certified its February 4, 2008, order as final pursuant to Rule 54(b), Ala. R. Civ. P. The former employees filed a timely notice of appeal to this Court."

13 So. 3d at 949-52 (footnote omitted). In Carr, this Court

concluded:

"We stated in McKenzie[ v. Killian, 887 So. 2d 861 (Ala. 2004)]: '[W]anton conduct is the equivalent in law to intentional conduct. Such an allegation of

8

intent renders the six-year statutory period of limitations applicable.' 887 So. 2d at 870. We also adopted Justice Jones's conclusion that wanton conduct, '"<u>resulting in injury</u>, is actionable in trespass and governed by the six-year statute of limitations."' <u>Id.</u> (quoting <u>Strozier[ v. Marchich,]</u> 380 So. 2d [804,] 806 [(Ala. 1980)] (Jones, J., dissenting) (emphasis added)). Based on the analysis adopted in <u>McKenzie</u>, because the former employees have alleged wanton conduct by the new defendants, which resulted in injury to them, their wantonness claims are subject to the six-year limitations period of § 6-2-34(1)."

13 So. 3d at 954. The Court went on to hold:

"We find no rational basis upon which to distinguish <u>McKenzie</u> so as to render its holding inapplicable. The former employees can prove a set of circumstances that would entitle them to relief; therefore, the trial court erred in dismissing the former employees' wantonness claims. We reverse its decision as to those claims and remand the case for further proceedings consistent with this opinion."

13 So. 3d at 955 (citation omitted).

At a case-management conference in June 2010, the new defendants raised concerns that the former employees were trying to allege conspiracy-based and non-bodily-injury wantonness claims against them, which, they argued, were not alleged in the second amendment complaint and would be precluded by this Court's decision in <u>Carr</u>. The new defendants raised those concerns again in a motion to "dismiss all conspiracy-based claims or claims for non-bodily-injury,

9

or in the alternative, to preclude [the former employees] from asserting any such claims at trial." The new defendants argued, among other things, that after Carr the only surviving claims against the new defendants were wantonness claims based on bodily injury.

While the case was still pending on remand, this Court decided Ex parte Capstone Building Corp., 96 So. 3d 77, 86 (Ala. 2012), in which we overruled McKenzie, stating:

> "We are clear to the conclusion that recklessness and wantonness are fundamentally different concepts than intent, and that claims alleging reckless or wanton conduct are distinctively different types of claims than those alleging intentional harm to a plaintiff. We therefore cannot place claims of wantonness within the governance of § 6-2-34(1), which we interpret as imposing a six-year statute of limitations on the intentional torts described therein, i.e., 'trespass to person or liberty, such as false imprisonment or assault and battery.' Concomitantly, we conclude that claims alleging reckless and wanton conduct fall within the governance of the catchall provision in § 6-2-38(l) providing a two-year limitations period for '[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section.'"

The Court went on to overrule McKenzie but held that the decision in Capstone should apply prospectively only. The Court also stated:

1130110, 1130111

"This Court's decision today is not based on the constitution, either state or federal, nor does it recognize any 'constitutional error' in any prior decision. Our decision today is simply a matter of statutory construction. We recognize today that the statutory interpretation advanced in McKenzie was incorrect, and we supply today in its place a correct statutory interpretation. Contrary to the suggestion made by the invocation of the quoted passage from Justice Scalia's special concurrence in American Trucking Ass'n v. Smith, 496 U.S. 167, 110 S. Ct. 2323, 110 L.Ed. 2d 148 (1990), this Court did not in McKenzie, nor do we in the present case, engage in some 'interpretation of the Constitution'; rather, the analysis provided in both McKenzie and in the present case reflects merely an effort to discern correctly the legislative intent reflected in the language of §§ 6-2-34(1) and 6-2-38(l)."

Capstone, 96 So. 3d at 92.

In March 2012, the new defendants moved the trial court for a summary judgment, arguing that the wantonness claims of certain of the former employees, whose last exposure to the chemicals was more than two years before McKenzie was decided, were barred by the two-year statute of limitations that was applicable to wantonness claims before this Court issued its opinion in McKenzie. After a hearing, the trial court denied both the new defendants' summary-judgment motion and their motion to dismiss the conspiracy-based and non-bodily-injury wantonness claims. The new defendants have petitioned in two

11

1130110, 1130111

separate petitions for mandamus relief from the denial of those motions.

Analysis

> "A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'"

Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001)).

I. Case No. 1130110

The new defendants argue that mandamus is an appropriate remedy for seeking review of the trial court's denial of their summary-judgment motion because, they argue, "certain [of the former employees'] claims of wantonness are governed by a two-year statute of limitations and are time-barred because those claims do not relate-back to the date of filing of [the former employees'] original complaint." Petition (no. 1130110), at 6. The new defendants note that, "[a]lthough denial of a dispositive motion is generally not considered appropriate for review by a petition for writ of mandamus, a well-established

12

1130110, 1130111

exception exists when the doctrine of relation back is implicated."

This Court recently stated in Ex parte Hodge, [Ms. 1121194, February 7, 2014] ___ So. 3d ___, ___ (Ala. 2014):

> "'The general rule is that "'a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment.'" Ex parte Empire Fire & Marine Ins. Co., 720 So. 2d 893, 894 (Ala. 1998) (quoting Ex parte Central Bank of the South, 675 So. 2d 403 (Ala. 1996)). In all but the most extraordinary cases, an appeal is an adequate remedy; however, there are exceptions -- for example, when the trial court denies a motion for a summary judgment that is based on an argument that governmental immunity bars the plaintiff's claim. See, e.g., Ex parte Butts, 775 So. 2d 173, 177-78 (Ala. 2000). In such a case, the defendant may seek pretrial appellate review by petitioning for permission to appeal an interlocutory order in accordance with Rule 5, Ala. R. App. P., or by petitioning for a writ of mandamus. See id.
>
> "'In Ex parte Southland Bank, 514 So. 2d 954, 955 (Ala. 1987), this Court stated that "[t]he fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal." 514 So. 2d at 955. Subject to a narrow exception, that statement remains true. In a narrow class of cases involving fictitious parties and the relation-back doctrine, this Court has reviewed the merits of a trial court's denial of a summary-judgment motion in which a defendant argued that the plaintiff's claim was barred by the applicable statute of limitations.'"

(Quoting Ex parte Jackson, 780 So. 2d 681, 684 (Ala. 2000).)

13

1130110, 1130111

The new defendants argue that this case falls within the "narrow exception" mentioned in Ex parte Hodge because

"[t]he facts before this [C]ourt show that this petition for [the] writ of mandamus: (1) is filed by [the new defendants] who were fictitiously named in an original complaint and subsequently added after the two-year limitations period expired; (2) requests this Court for an order directing judgment in favor of [the new defendants] on the two-year wantonness claims of [the former employees] that can only survive by application of the doctrine of relation back; and (3) fully establishes that [the former employees'] claims do not relate back."

Petition (no. 1130110), at 7.

However, this Court has already resolved the question whether the claims against the new defendants related back to the original complaint. In International Refining, this Court determined that none of the claims raised in the first amended complaint, including the wantonness claims at issue in the motion for a summary judgment here, related back to the original complaint. The former employees did not argue in opposition to the motion for a summary judgment that the claims related back, nor did the trial court, in its order denying the motion for summary judgment, find that the claims related back. Moreover, such a finding was not necessary to

14

the trial court's decision to deny the summary-judgment motion.[2]

Although they stated in the summary-judgment motion that the former employees' claims did not relate back to the original complaint, the crux of the new defendants' argument in that motion and to this Court is that "the two year statute of limitations for wantonness applicable to these [former employees'] claims expired before [this Court's] ruling in McKenzie. Therefore, these [former employees] could not have relied on [this Court's] ruling in filing their claims because these [former employees'] claims were already time-barred when McKenzie was released." Petition (no. 1130110), Exhibit 1, p.3. This argument does not fall within the narrow relation-back exception for cases involving a denial of a motion for a summary judgment based on a statute-of-limitations ground.[3]

_____

[2]As will be shown hereinafter, the trial court could have determined that the six-year statute of limitations in McKenzie applied to the former employees' wantonness claims against the new defendants.

[3]In Hodge this Court granted a petition for mandamus relief based on a statute-of-limitations question that did not involve fictitiously named parties or the relation-back doctrine. However, we noted in Hodge that

"the defendants ... are faced with the extraordinary circumstance of having to further litigate this

1130110, 1130111

The new defendants also argue that "the writ of mandamus should issue because the trial court failed to comply with the [Alabama] Supreme Court's mandate to dismiss claims barred by the two-year statute of limitations." "A petition for a writ of mandamus is the proper method for bringing before an appellate court the question whether a trial court, after remand, has complied with the mandate of this Court or of one of our intermediate appellate courts." Ex parte Edwards, 727 So. 2d 792, 794 (Ala. 1998). The new defendants argue that, in International Refining,

_____

> matter after having demonstrated <u>from the face of the plaintiff's complaint</u> a clear legal right to have the action against them dismissed based on the four-year period of repose found in § 6-5-482(a)[, Ala. Code 1975]. Having concluded that an appeal pursuant to Rule 5[, Ala. R. App. P.,] or an appeal from a final judgment following further litigation is not an adequate remedy in this case, we conclude, based on the particular circumstances of this case, that mandamus is necessary in order to avoid the injustice that would result from the unavailability of any other adequate remedy."

___ So. 3d at ___ . Unlike the defendants in <u>Hodge</u>, the new defendants do not argue and have not demonstrated that their clear legal right to a statute-of-limitations defense is apparent on the face of either the first amended or the second amended complaint. Therefore, they have not demonstrated that this case falls within the exception recognized in <u>Hodge</u> to the general rule against review by mandamus of the applicability of a statute-of-limitations defense.

16

"[t]his Court specifically and unequivocally remanded this case 'for further proceedings, including a determination of the extent to which any claims are timely, without the availability of the relation-back doctrine.' [International Refining,] 972 So. 2d at 791. This Court also explained that claims 'governed by a statute of limitations that require the application of the doctrine of relation back under fictitious-party practice to survive are due to be dismissed.' Id. Thus, the trial court has defied its duties under the mandate by its failure to enter judgment against certain [of the former employees] whose claims would have only survived if relation back applied."

Petition (no. 1130110), at 12.

However, on remand from International Refining, the trial court determined that all the claims against the new defendants were barred by statutes of limitations and dismissed those claims. The former employees appealed, and this Court reversed that judgment as to the wantonness claims, finding that the wantonness claims were subject to a six-year statute of limitations. See Carr, supra. Thus, the trial court complied with this Court's mandate in International Refining. The new defendants have not pointed to any aspect of this Court's mandate in Carr related to this issue, with which, they argue, the trial court failed to comply.[4]

---

[4]The new defendants do argue that the trial court failed to comply with this Court's mandate in Carr by denying their motion to dismiss any conspiracy-based claims or wantonness

17

Moreover, this Court has stated:

"'"Remedial statutes" ... operate retrospectively, in the absence of language clearly showing a contrary intention. <u>A statute of limitations has generally been viewed as a remedial statute, and the statute of limitations in effect at the time the suit is filed, as opposed to one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary.</u> This is true whether the later statute extends or limits the time within which a cause of action may be brought, for it has frequently been held that the legislature can establish a new limitation where none existed before and make it applicable to a cause of action against which there was no such statute when the right was created, and it may also so change an existing statute and shorten periods of limitation, provided a reasonable time is allowed for the action to be brought.'"

<u>Foster v. Hacienda Nirvana, Inc.</u>, 32 So. 3d 1256, 1260 (Ala. 2009) (quoting <u>Street v. City of Anniston</u>, 381 So. 2d 26, 29 (Ala. 1980)).  See also <u>Schoen v. Gulledge</u>, 481 So. 2d 1094, 1097 (Ala. 1985) (applying the statute of limitations in place at the time the action was filed rather than the statute of limitations in place at the time the events giving rise to the cause of action occurred); <u>Jones v. Preuit & Mauldin</u>, 876 F.2d 1480, 1484 (11th Cir. 1989) ("The general rule under Alabama

---

claims based on non-bodily injury.  That argument will be addressed later in the opinion.

law is that the statute of limitations in effect at the time an action is brought applies.").

Although a two-year statute of limitations on wantonness claims may have been in place at the time the former employees' claims arose, the six-year statute of limitations adopted in McKenzie was in place at the time the former employees asserted those claims against the new defendants in the first amended complaint.[5]  Thus, the new defendants have not demonstrated that the trial court failed to comply with any prior mandate of this Court, nor have they demonstrated a clear legal right to the dismissal of the wantonness claims against them by way of a summary judgment.  Therefore, the new defendants' petition for mandamus relief in case no. 1130110 is denied.[6]

_____

[5]The wantonness claims were not asserted against the new defendants until the first amended complaint was filed in 2005, and this Court noted in International Refining that those claims do not relate back to the 2003 original complaint.  Therefore, the former employees' wantonness claims are governed by a six-year statute of limitations in place at the time the first amended complaint was filed.

[6]By recognizing that the former employees' wantonness claims against the new defendants are governed by the six-year statute of limitations set forth in McKenzie, which was in place at the time the claims were alleged, and not the two-year statute of limitations in place at the time the wantonness claims accrued, we pretermit consideration of the

19

## II. Case No. 1130111

The new defendants argue in case no. 1130111 that the writ of mandamus should issue because, they argue, the trial court failed to follow this Court's mandate in Carr by "allow[ing] [the former employees] to proceed with a conspiracy-based claim and claims for non-bodily injury." Petition (no. 1130111), at 10. As noted previously, "[a] petition for a writ of mandamus is the proper method for bringing before an appellate court the question whether a trial court, after remand, has complied with the mandate of this Court or of one of our intermediate appellate courts." Ex parte Edwards, 727 So. 2d at 794. "On remand, a trial court is not free to reconsider issues finally decided by the appellate court and must comply with the appellate mandate." Ex parte Mobil Oil Corp., 613 So. 2d 350, 352 (Ala. 1993).

In Carr, the former employees appealed the trial court's February 4, 2008, order dismissing all the former employees' claims against the new defendants. The trial court certified the order as a final judgment, pursuant to Rule 54(b), Ala. R.

issue whether this Court's decision in McKenzie revived otherwise time-barred claims or whether such a revival would violate the new defendants' constitutional rights.

20

Civ. P. Although the first amended complaint had included claims against the new defendants alleging "negligence, wantonness, liability under the Alabama Extended Manufacturer's Liability Doctrine, civil conspiracy, and the tort of outrage," the former employees appealed only the dismissal of the wantonness claims, arguing that the wantonness claims were subject to the six-year statute of limitations set forth in McKenzie.[7] This Court agreed, concluding that "the trial court [had] erred in dismissing the former employees' wantonness claims. We reverse[d] its decision as to those claims and remand[ed] the case for further proceedings consistent with [that] opinion." 13 So. 3d at 955.

After the remand in Carr, the new defendants moved the trial court "to enter an order dismissing any and all (a) conspiracy-based claims or (b) claims for non-bodily injury that [the former employees] may seek to assert, or, in the alternative, precluding [the former employees] from asserting

---

[7]In fact, as we noted in Carr, the former employees had "conceded that their other claims against the new defendants were subject to the two-year limitations period and, without the availability of the relation-back doctrine, were due to be dismissed." Carr, 13 So. 3d at 951.

21

any such claims hereafter and from arguing any such claims at the trial of this case." The trial court denied that motion, and the new defendants argue that, in doing so, it violated this Court's mandate in <u>Carr</u> by allowing the former employees to proceed with claims other than those included in the remand order in <u>Carr</u>. With regard to the conspiracy claims, we agree.[8]

The former employees' conspiracy claims were alleged as separate claims in the first amended complaint and were dismissed by the trial court along with the other claims against the new defendants in its February 4, 2008, order, which was certified as a final judgment pursuant to Rule 54(b). As noted previously, the former employees appealed only the wantonness claims, and this Court reversed the trial

---

[8]It is worth noting that the former employees have not moved the trial court to amend the pleadings to assert any new claims alleging conspiracy or non-bodily injury. Instead, they argue that the conspiracy claims alleged in the first amended complaint remain intact because, they say, those claims "travel with" and "proceed in tandem" with the wantonness claims. Response to petition (no. 1130111), at 18. They also argue that their wantonness claims incorporated both claims for bodily and non-bodily injuries. Thus, although the motion to dismiss was framed in future terms (i.e., claims that "may be asserted"), the former employees appear to consider conspiracy and non-bodily-injury claims to be among the claims currently before the trial court in this case.

22

court's judgment only as to those claims. See Carr, 13 So. 3d at 955 ("[T]he trial court erred in dismissing the former employees' wantonness claims. We reverse its decision as to those claims and remand the case for further proceedings consistent with this opinion."). We did not, as the former employees argue, "return[] to the trial court all claims stated by the [former employees,] which could be subject to a six-year statute of limitations, clearly regarding all allegations and damages within the constellation of [the former employees'] claims as likewise within the operation of that mandate." Response to petition (no. 1130111), at 9.

The former employees argue, however, that the conspiracy claims "are wholly derivative of and dependent on their wantonness claims," response to petition (no. 1130111), at 9; that "[the former employees] pleaded facts and allegations in the first amended complaint sufficient to state claims for conspiracy that travel with the wantonness claims"; and that "[t]he allegations of civil conspiracy present no separate, independent cause of action subject to resolution or dismissal apart from wantonness, and proceed in tandem with the wantonness claims." Response to petition (no. 1130111), at

23

18. In support of these arguments, the former employees cite cases indicating that "[c]onspiracy is not an independent cause of action; therefore, when alleging conspiracy, a plaintiff must have a viable underlying cause of action," Drill Parts & Serv. Co. v. Joy Mfg. Co., 619 So. 2d 1280, 1290 (Ala. 1993), and that "a conspiracy claim must fail if the underlying act itself would not support an action." Triple J Cattle, Inc. v. Chambers, 621 So. 2d 1221, 1225 (Ala. 1993). Although these cases demonstrate that a conspiracy claim cannot exist independently of a viable cause of action, they do not indicate that conspiracy claims automatically "travel with" or "proceed in tandem" with other causes of action such that, where both the conspiracy claim and the claim in the underlying cause of action have been dismissed, an appeal challenging the claim in the underlying cause of action is, effectively or implicitly, an appeal of the conspiracy claim as well. The former employees have cited no authority supporting the latter proposition, and we know of none.

The former employees do cite DGB, LLC v. Hinds, 55 So. 3d 218 (Ala. 2010), in which, they argue, "this Court reversed [the] dismissal of [the] plaintiffs' conspiracy count when it

24

found the tort underlying the conspiracy to have been erroneously dismissed." However, unlike the former employees, the appellants in DGB had appealed the dismissal of the conspiracy claims, as well as the dismissal of the underlying tort claims. This Court reversed the trial court's judgment as to the underlying tort claims and went on to state: "Because the investors have alleged valid underlying causes of action ..., the investors have stated a claim of civil conspiracy upon which relief may be granted against each of these defendants. Accordingly, the trial court erred in dismissing this claim." DGB, 55 So. 3d at 234. Here, however, the former employees did not appeal the dismissal of the conspiracy claims and, in fact, had "conceded that their other claims against the new defendants [besides the wantonness claims] were subject to the two-year limitations period and, without the availability of the relation-back

25

doctrine, were due to be dismissed." Carr, 13 So. 3d at 951.[9]
DGB is distinguishable on that basis.

The former employees also argue that, "[e]ven if the [former employees'] allegations of ... conspiracy were dismissed, the trial court could consider such allegations within this Court's mandate to the extent Carr was not a final adjudication." Response to petition (no. 1130111), at 19. The former employees cite Ex parte Insurance Co. of North America, 523 So. 2d 1064, 1069 (Ala. 1988), for the proposition that "a trial court [has an] inherent ability to take up new claims, either of its own volition or on motion, after remand where there has been no final adjudication of the claims." However, as the former employees themselves assert, their conspiracy claims are not "new claims" but were raised initially in the first amended complaint. Moreover, the trial

---

[9]The former employees now argue that the conspiracy claims related to wantonness are governed by the six-year statute of limitations applicable to the wantonness claims. This argument was not raised during the appeal of the February 4, 2008, judgment, which dismissed all the former employees' claims, including the conspiracy claims, as barred by the applicable statute of limitations. Thus, that argument was waived and will not be considered here. See Muhammad v. Ford, 986 So. 2d 1158, 1165 (Ala. 2007) ("'An argument not made on appeal is abandoned or waived.'" (quoting Avis Rent A Car Sys., Inc. v. Heilman, 876 So. 2d 1111, 1124 n.8 (Ala. 2003))).

court's February 4, 2008, judgment, which was made final pursuant to Rule 54(b), dismissed all the claims against the new defendants, and the former employees did not appeal the dismissal of any claims except the wantonness claims. "In cases where an appeal is taken with respect to only a particular issue or issues, there can be no retrial after remand of issues previously tried and determined but not appealed from." Ex parte Army Aviation Ctr. Fed. Credit Union, 477 So. 2d 379, 380-81 (Ala. 1985). Because the conspiracy claims were dismissed in the trial court's February 4, 2008, judgment and because this Court's decision in Carr reversed that judgment as to the wantonness claims only, this Court's decision in Carr was a final adjudication of the conspiracy claims, and allowing those claims to proceed is a violation of this Court's decision in Carr.

The new defendants also argue that the trial court erred by failing to dismiss any wantonness claims for non-bodily injury. However, in reversing the trial court's judgment as to the wantonness claims, this Court in Carr did not distinguish between claims based on bodily injury and those based on non-bodily injury. Instead, we held that "the trial

27

court erred in dismissing the former employees' wantonness claims." 13 So. 3d at 955. The wantonness claims as set forth in the first and second amended complaints listed "mental anguish, humiliation, and embarrassment" among the injuries allegedly caused by the new defendants' wantonness.[10] Thus, the former employees' wantonness claims included allegations of non-bodily as well as bodily injury, and the trial court did not violate this Court's mandate in Carr by denying the new defendants' motion to dismiss the former employees' non-bodily-injury wantonness claims.

## Conclusion

For the foregoing reasons, we conclude that the trial court erred by allowing the former employees to proceed against the new defendants on the conspiracy claims, and the new defendants are entitled to have any such claims dismissed. Therefore, we grant the petition in case no. 1130111 in part and issue the writ of mandamus, directing the trial court to dismiss all allegations of conspiracy against the new

---

[10]The new defendants argue that the second amended complaint superseded the first amended and original complaints and "displace[d]" the claims alleged in those complaints. Because the wantonness claims in both the first and second amended complaints included claims for non-bodily injury, we need not address this issue at this time.

28

1130110, 1130111

defendants.  The petition in case no. 1130111 is denied in all other respects.  The petition in case no. 1130110 is denied.

1130110 -- PETITION DENIED.

1130111 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

Moore, C.J., and Stuart, Bolin, Parker, Murdock, Main, and Wise, JJ., concur.

Shaw, J., concurs in the result.